# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2022

JOHN HAMMOND,
                                                    Appellant

v.

THOMAS ACERNO, SPECIAL AGENT "HSI"; CHRISTOPHER CHASE, SPECIAL AGENT "HSI"; DAVID HELPER, SPECIAL AGENT "HSI"; DOMINIC RAGUZ, SPECIAL AGENT "ATF"; SA. NAME UNKNOWN, "POSTAL WORKER"; SA. NAME UNKNOWN, "ICE"; SA. NAME UNKNOWN, "ICE"; SA. NAME UNKNOWN, "ICE"; PSP. NAME UNKNOWN, "SERT"; PSP. NAME UNKNOWN, "SERT"; TPD. NAME UNKNOWN, "TOWAMENCIN POLICE"; TPD. NAME UNKNOWN, "TOWAMENCIN POLICE"; TPD. NAME UNKNOWN, "TOWAMENCIN POLICE"; TPD. NAME UNKNOWN, "TOWAMENCIN POLICE"; PSP. NAME UNKNOWN, "SERT"; PSP. NAME UNKNOWN, "SERT"

_____

On Appeal from the U.S. District Court, E.D. Pa.
Judge Chad F. Kenney, No. 2:21-cv-03688

Before: CHAGARES, *Chief Judge*; RESTREPO and MONTGOMERY-REEVES, *Circuit Judges*
Submitted: June 10, 2026; Decided: June 18, 2026
_____

NONPRECEDENTIAL OPINION[*]

MONTGOMERY-REEVES, *Circuit Judge*.

This appeal asks whether John Hammond may assert a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against three Homeland Security Investigations ("HSI") agents for alleged excessive force during

_____

[*] This is not an opinion of the full Court and, pursuant to 3d Cir. IOP 5.7, is not binding precedent.

an arrest.   We do not reach that issue, however, because Hammond forfeited his arguments on appeal.  We will therefore affirm.

We take the following facts from Hammond's prisoner complaint.  In 2019, while Hammond and his wife were asleep at Hammond's father-in-law's house, federal and state law enforcement officers entered the residence to execute a search warrant without knocking and announcing.  The officers pulled Hammond and his wife (both in a state of undress at the time) out of bed at gunpoint, forced them to the ground, and "violently" detained them before allowing them to dress.  Appendix (hereinafter "App. __") 12.  The officers detained others in the house by taking them to the ground as well.

Pro se, Hammond filed a prisoner complaint against several unnamed state and local officers and HSI agents Thomas Acerno, Christopher Chase, and David Hepler (collectively, the "Agents").  As against the Agents, Hammond alleged *Bivens* claims for "initiating falsehood," "official oppression," "illegal search and seizure," and violations of "due process."  App. 17.  The District Court screened Hammond's complaint under 28 U.S.C. § 1915 and permitted Hammond to proceed on four *Bivens* claims: excessive force, unauthorized no-knock entry, false statements in a search warrant, and deliberate indifference to a medical need.  Though the District Court granted leave to amend, Hammond chose to stand on his original complaint.  The Agents answered that complaint and moved for judgment on the pleadings.  Hammond did not respond.  The District Court then dismissed Hammond's complaint against the Agents with prejudice, ruling that each of the four claims impermissibly extended the *Bivens* remedy to new contexts.

Now, for the first time on appeal, Hammond argues that one of his *Bivens* claims—

relating to the Agents' alleged excessive force—did not extend the doctrine to a new

context.[1] "It is well-established that arguments raised for the first time on appeal are not

properly preserved for appellate review." *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d

Cir. 2021) (citing *Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2016)). Instead,

they are forfeited, and "we will not reach a forfeited issue in civil cases absent truly

'exceptional circumstances.'" *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877

F.3d 136, 147 (3d Cir. 2017) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d

Cir. 2001)); *Simko*, 992 F.3d at 205–06. Those circumstances include when "the public

interest requires that the issues be heard or when a manifest injustice would result from the

failure to consider the new issues." *Simko*, 992 F.3d at 206 (alterations omitted) (quoting

*United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir.

1998)).

Hammond's opening brief says nothing about his failure to raise his arguments

below. Instead, Hammond addresses the issue for the first time in his reply brief, arguing

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. Though the District Court dismissed the *Bivens* claims against the Agents with prejudice, its dismissal order was nonfinal because it permitted Hammond leave to add state officers for § 1983 claims unrelated to this appeal. The District Court also has not entered a Rule 54(b) certification. Still, we may exercise final-order jurisdiction because Hammond has failed to serve the unnamed state officers in this case. *See Gomez v. Gov't of V.I.*, 882 F.2d 733, 735-36 (3d Cir. 1989) ("There was no Rule 54(b) certification in this case. However, a named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)."). We thus exercise jurisdiction under 28 U.S.C. § 1291 over the with-prejudice dismissal of Hammond's claims against the Agents.

that *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991) forecloses a forfeiture finding. Not so. In *Stackhouse*, we held that a District Court cannot dismiss a complaint for a plaintiff's failure to respond to a motion to dismiss because doing so is an impermissible sanction; it must consider the merits to determine if the movant carried its burden. *Stackhouse*, 951 F.2d at 29–30. But here, the District Court reached the merits. So, the District Court abided by *Stackhouse*; it did not deviate from it. And more to the point, *Stackhouse* never addressed or mentioned forfeiture.

Outside of *Stackhouse*, Hammond fails to identify any reason "public interest requires" that his case be heard or that "manifest injustice would result from the failure to consider" the issues he raises on appeal. *Simko*, 992 F.3d at 206. So we will AFFIRM the District Court's order.